# 98 DTA 203

## TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL I DE SAN JUAN
### PANEL IV

EL PUEBLO DE PUERTO RICO
Peticionario

v.

RAMON SERPA SANTIAGO
Recurrido

Núm. KLCE-97-01212

San Juan, Puerto Rico, a 10 de julio de 1998

Panel integrado por su Presidente, la Juez López Vilanova,
el Juez Cordero y la Juez Feliciano Acevedo

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte peticionaria, El Pueblo de Puerto Rico, representado en este caso por la Oficina del Procurador General, solicita la revisión judicial de la resolución emitida el 24 de octubre de 1997 por

el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicha resolución, se ordenó el archivo del caso por no haberse probado uno de los elementos constitutivos del delito de fuga. Inconforme, El Pueblo de Puerto Rico recurre ante nos.

La controversia principal en el caso que nos ocupa, es si cometen el delito de fuga, según dispuesto por el artículo 232 del Código Penal, 33 L.P.R.A. sec. 4428, los convictos que, estando en un Hogar de Adaptación Social de la Administración de Corrección, son beneficiarios del Programa de Pase Extendido y estando en la libre comunidad, incumplen las condiciones del mismo. A continuación, un breve resumen de hechos.

## I

El acusado, Ramón Serpa Santiago (en adelante el Sr. Serpa), servía sentencias de tres (3) años y seis (6) meses en la Cárcel Regional de Bayamón por infracción al artículo 404 de la Ley de Sustancias Controladas y al artículo 235 del Código Penal. El 28 de agosto de 1996, el Sr. Serpa fue trasladado al Hogar de Adaptación Social de Río Piedras donde al día siguiente le fue concedido el privilegio de pases extendidos hasta la expiración de su sentencia. Fue orientado sobre las normas y condiciones del privilegio y firmó un documento comprometiéndose al cumplimiento de todas las condiciones, entre las cuales figuraban: el reportarse al Hogar de Adaptación conforme a sus citas; pasadas las 48 horas sin acudir a su cita, quedaría sujeto a radicación de cargos por fuga y de violar cualquiera de las condiciones, sería reingresado a la institución penal donde se procederá con los trámites para revocar el privilegio.

Así las cosas, el Sr. Serpa residía en la libre comunida y acudía al Hogar de Adaptación una vez a la semana a firmar ante el oficial de turno. El 21 de noviembre de 1996, fecha en que debía comparecer a firmar, no lo hizo, tampoco se comunicó con ningún funcionario para indicar el motivo de su ausencia.

Conforme a tal actuación, el 29 de julio de 1997, el Sr. Serpa fue arrestado.

Luego de los trámites de rigor, el Ministerio Público presentó denuncia contra el Sr. Serpa por el delito grave de fuga, artículo 232 del Código Penal. Se le imputó al referido acusado que allá para el 21 de noviembre de 1996, en Río Piedras, Puerto Rico, ilegal, voluntaria, maliciosa, a sabiendas y con la intención criminal, se fugó del Hogar de Adaptación Social de Río Piedras mientras cumplía sentencia por los delitos tipificados en el artículo 404 de la Ley de Sustancias Controladas y al artículo 235 del Código Penal.

Celebrada la vista preliminar al amparo de la Regla 23 de las de Procedimiento Criminal, el magistrado determinó que existía causa probable para creer que el acusado había cometido el delito de fuga. El acto de lectura fue efectuado el 3 de septiembre de 1994. El 4 de septiembre de 1994, el Sr. Serpa solicitó, mediante moción, la desestimación de la acusación. Planteó que la acusación debía ser desestimada, por entender que no se había configurado el delito de fuga, toda vez que el acusado no estuvo sometido a detención preventiva, a tratamiento, a reclusión, o a medida de seguridad de internación, conforme a lo dispuesto en el artículo 232 del Código Penal. Por su parte, el Ministerio Público presentó *"Moción en oposición a la Moción de Desestimación"*. En la misma, se sostuvo que el acusado estaba sometido a la custodia legal de la Administración de Corrección cumpliendo una sentencia firme y que, por consiguiente, la moción de desestimación debía ser declarada sin lugar.

En vista de que no existía controversia de hechos, las partes sometieron la cuestión por el expediente, incluyéndose copia de las normas y condiciones de la Administración de Corrección a ser cumplidas por el Sr. Serpa bajo el privilegio de pases extendidos.

Finalmente, el Tribunal de Primera Instancia emitió resolución el 24 de octubre de 1997. Mediante la misma, se archivaron los cargos criminales porque el imputado, *"al momento de su incomparecencia al Hogar de Adaptación, no estaba privado de su libertad, ni recluido en institución alguna."*

Contra dicho dictamen, la Oficina del Procurador General interpuso la presente revisión, bajo el señalamiento de error previamente señalado y discutido más adelante.

## II

La Oficina del Procurador General arguye que el delito de fuga no requiere que, al momento de la evasión, el acusado se encuentre ingresado en una institución adecuada.

El principio de legalidad tiene, como consecuencia práctica, que ninguna sentencia condenatoria podrá dictarse mediante la aplicación de una pena por hechos que la ley previamente no hubiese declarado punibles. Artículo 8 del Código Penal, 33 L.P.R.A. sec. 3031. En ausencia de ley que así la caracterice, impide que los tribunales nos embarquemos en la tarea creadora de tratar de condenar cierta conducta socialmente censurable, o por analogía, determinar su ilegalidad.

Conforme al principio de legalidad, los estatutos penales deben ser interpretados restrictivamente en cuanto a lo que desfavorece al acusado y liberalmente en lo que le favorece. Artículo 8 del Código Penal, 33 L.P.R.A. sec. 3031. *Pueblo v. Rodríguez Jiménez,* 128 D.P.R. 114 119-120 (1991). Sin embargo, esto no quiere decir que a la letra de un estatuto, deba dársele un significado más restrictivo o hacer caso omiso de la evidente intención del Legislador.

El artículo 232 del Código Penal, 33 L.P.R.A. sec. 4428, según enmendado por la Ley Núm. 7 de 17 de enero de 1995, dispone, en lo pertinente, lo siguiente:

*"Toda persona sometida legalmente a detención preventiva, sometida a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico, o privado, supervisado y licenciado por una agencia del mismo conforme a un procedimiento especial de desvío bajo la Regla 247.1 de Procedimiento Criminal o el Artículo 404 (b) de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, sometida legalmente a reclusión o a medida de seguridad de internación, que se fugare será sancionada conforme a las siguientes penas."*

Es pertinente señalar que con la enmienda efectuada al Código Penal en el año 1995, la Asamblea Legislativa amplió el alcance del artículo 232 para el Código Penal para incluir dentro de la conducta constitutiva de delito a quien, estando sometido a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico o privado, supervisado y licenciado por una agencia del mismo, se fugare.

Un análisis del artículo 232 del Código Penal revela que el delito de fuga requiere dos presupuestos: primero, que el imputado haya incurrido previamente en conducta constitutiva de delito y segundo, que se encontrare bajo custodia legal del Estado al momento de fugarse. *Pueblo v. Ramón Ríos Dávila,* ___ D.P.R. ___ (30 de junio de 1997) **97 J.T.S. 108**, pág. 1314.

Debemos, pues, determinar si al concedérsele el privilegio de pase extendido, el imputado se encuentra bajo la custodia legal del Estado.

El Tribunal Supremo de Puerto Rico expresó en *Pueblo v. Rivera Dávila, supra,* pág. 315, que el delito de fuga no requiere necesariamente que el sujeto activo esté internado físicamente dentro de una institución carcelaria; lo determinante es que al momento de su evasión, se encuentre bajo la custodia legal del Estado. Al ejemplificar lo anterior, especificó que el recluso que con pase temporal no regresa a la institución donde estaba recluido en la fecha correspondiente, cometería el delito de fuga. En ese caso, la evasión ocurre de la custodia constructiva del Estado sobre el sujeto.

Por otro lado, se desprende de la Ley Núm. 21 de 10 de julio de 1978, la intención del legislador de mantener la custodia sobre el sujeto que se encuentre dentro del Programa de Hogares de Adaptación Social. Dicha ley dispone en su artículo 10, 4 L.P.R.A. sec. 1205, que cualquier confinado que dejare de regresar al Hogar de Adaptación Social o que lo hiciera después de la hora indicada en el permiso que se le haya concedido, quedará sujeto a lo dispuesto en la sección 1136 de ese mismo título. Por su parte, la sección 1136 dispone, en lo pertinente, lo siguiente:

*"Cualquier confinado que no regresare a la institución penal o centro de tratamiento público o privado, donde se encuentre recluido, o que lo hiciera después de la hora indicada en el permiso que le haya sido concedido, será considerado fugitivo de la justicia y procesado conforme a continuación se dispone:*

*(1) Si el confinado no regresare o el regreso ocurriere después de transcurridas las cuarenta y ocho (48) horas de haber expirado el permiso concedido, incurrirá en el delito de fuga y le serán aplicables las disposiciones de la sec. 4428 del Título 33.*

*(2) Si el regreso ocurriere dentro de las cuarenta y ocho (48) horas de haber expirado el permiso, la situación será evaluada por el Administrador o los funcionarios que él designe, a los fines de determinar si hubo razones justificadas para dicha demora, o si, por el contrario, procede que se procese a la persona en cuestión por el delito de fuga, según dispone en el inciso anterior. "*

Además, es preciso señalar que el artículo 10 (B) de la Ley de Corrección, 4 L.P.R.A. sec. 1136 (b), dispone:

*"Cuando un participante de un programa de desvío o tratamiento y rehabilitación establecido por la Administración de Corrección, incluyendo los Hogares de Adaptación Social, inflija las normas y condiciones del programa, será reingresado de inmediato en una institución penal y se procederá con el trámite para la revocación del beneficio. Una vez la determinación de revocar sea final y firme, el período de tiempo que el confinado estuvo participando del programa de desvío o tratamiento y rehabilitación, incluyendo los Hogares de Adaptación Social, no se le abonará como tiempo cumplido de la sentencia."*

Es cierto que la sección anterior dispone que la persona que inflija las normas y condiciones del programa o tratamiento, será devuelta a la cárcel de origen, sin abono del tiempo que estuvo participando de dicho programa o tratamiento. Sin embargo, es procedimiento aparte de lo prescrito en el artículo 10 de la Ley de Corrección y no tiene el efecto de anular lo dicho en la sección 1136.

En el caso ante nos, el imputado de delito de fuga había sido trasladado al Programa de Rehabilitación de Hogares de Adaptación Social. Una vez allí, el Estado le dió el privilegio de que se acogiera al Programa de Pases Extendidos manteniendo la custodia constructiva sobre el imputado. Al no regresar a reportarse el día indicado, se fugó de la custodia constructiva que mantenía el Estado sobre él.

**III**

Por cumplirse los dos presupuestos que requiere el delito de fuga, a saber: (1) que el imputado haya incurrido previamente en conducta constitutiva de delito y (2) que se encontrare bajo la custodia legal del Estado al momento de fugarse, se revoca la resolución recurrida y se ordena al Tribunal de Primera Instancia a continuar con los procedimientos de rigor.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General